IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tauvaris Eugene Barrett, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 6:19-CV-00450-TMC |
| v. | ) | |
| | ) | **ORDER** |
| M. Travis Bragg,, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Tauvaris Eugene Barrett, a federal prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241, seeking relief from his sentence. (ECF No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that this court dismiss the Petition without prejudice and without requiring Respondent to file a return. (ECF No. 9). The magistrate judge notified Petitioner of his right to file objections to the Report, *id.* at 9, and Petitioner filed timely objections (ECF No. 12).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection

1

is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Petitioner has filed this Petition *pro se*, this court is charged with construing the Petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Petitioner's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I. BACKGROUND/PROCEDURAL HISTORY

The magistrate judge set forth the facts in his Report. (ECF No. 9 at 1-2). Briefly, on May 9, 2002, Petitioner pled guilty in the United States District Court for the Middle District of North Carolina to Count 2 of an Indictment, charging him with

distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). *United States v. Barrett*, C/A No. 1:02-cr-00067-LCB-1, at doc. 10 (M.D.N.C.).[1] Petitioner was sentenced to 280 months of imprisonment, five years of supervised release, and a $100 special assessment fee. *Id.* at docs. 11; 12. Petitioner subsequently filed a direct appeal. *Id.* at doc. 16. While his direct appeal was pending, Petitioner filed a motion for relief under 28 U.S.C. § 2255, which was dismissed without prejudice that same day with instructions for Petitioner to file his Petition on the proper form. *Id.* at docs. 31; 32. Subsequently, Petitioner's direct appeal was voluntarily dismissed pursuant to Fed. R. App. P. 42(b) on August 22, 2003. *Id.* at doc. 33; *United States v. Barrett*, C/A 03-4182 (4th Cir. 2003).

On July 23, 2010, Petitioner filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). *Barrett*, C/A No. 1:02-cr-00067-LCB-1, at doc. 38 (M.D.N.C.). The Middle District of North Carolina denied that motion on May 19, 2011. *Id.* at doc. 43. Subsequently, on October 3, 2011, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to § 2255, challenging his career offender status and seeking resentencing based upon *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). *Id.* at docs. 44; 45; 48. While Petitioner's § 2255 motion was pending, the Fourth Circuit Court of Appeals decided *United States v. Foote*,

---

[1] The court takes judicial notice of the records of Petitioner's underlying criminal case, related habeas motions, and appeals, as they are a matter of public record. *See Phillips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (stating that courts "may properly take judicial notice of matters of public record.").

784 F.3d 931 (4th Cir. 2015), determining that a challenge to a career offender designation based on *Simmons* was not a "fundamental defect" and, therefore, that it was not the type of alleged sentencing error that could be attacked on collateral review. Accordingly, the Middle District of North Carolina issued a text order on October 5, 2015, which allowed Petitioner thirty days to withdraw his pending § 2255 without prejudice or file a supplemental brief addressing the impact of *Foote*. *Barrett*, C/A No. 1:02-cr-00067-LCB-1 (M.D.N.C.). On December 3, 2015, Petitioner moved to withdraw his § 2255 motion, and the court granted his motion. *Id.* at docs. 80; 81; 83. Accordingly, Petitioner's motion was dismissed without prejudice. *Id.* at doc. 83.

On June 27, 2016, Petitioner filed another § 2255 motion, seeking resentencing pursuant to *Simmons* and *Johnson*.[2] *Id.* at doc. 84. On February 13, 2017, a federal magistrate judge recommended that the motion be denied on the merits. *Id.* at doc. 85. Petitioner did not file any objections to the recommendation, and on March 10, 2017, the district judge adopted the recommendation and denied Petitioner's § 2255 motion with prejudice. *Id.* at doc. 89. Petitioner did not appeal.

On February 14, 2019, Petitioner filed the instant Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking the court to vacate his current sentence and remand for resentencing. (ECF No. 1 at 8). Petitioner asserts that he was

---

[2] *Johnson v. United States*, 135 S. Ct. 2251 (2015).

4

erroneously classified as a career offender, which increased his mandatory minimum sentence. *Id.* at 2. Petitioner further argues that a § 2255 motion is inadequate and ineffective in challenging his sentence and that he relies on a new rule of constitutional law that was previously unavailable to him. *Id.* at 6–7.

## II. DISCUSSION

The magistrate judge recommends that the Petition be dismissed because Petitioner has not satisfied the § 2255 savings clause to seek relief under § 2241. (ECF No. 9 at 7). Petitioner filed objections to the Report, but rather than containing specific objections to the magistrate judge's findings of fact and conclusions, Petitioner's objections largely restated his claims or were nonresponsive to the Report. (ECF No. 12). However, Petitioner did specifically object to the magistrate judge's determinations that he has not satisfied the requirements of the § 2255 savings clause and that he has not sufficiently met the test in *Wheeler*. *Id.*

The magistrate judge correctly noted in his Report that for a petitioner to challenge his federal conviction or sentence under § 2241, he must show, under the "savings clause" of § 2255(e), that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." (ECF No. 9 at 4 – 5) (citing § 2255(e)). The savings clause is a "jurisdictional provision," and, accordingly, this court is without jurisdiction to rule on a § 2241 petition if such a showing is not made. *United States*

*v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

It is well-settled that to demonstrate that a § 2255 motion is inadequate and ineffective to test the legality of a *conviction*, a petitioner in this circuit must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Recently, in *Wheeler*, the Fourth Circuit extended *Jones* to challenges of "fundamental sentencing errors." *Wheeler*, 886 F.3d at 428. In doing so, the Fourth Circuit set forth a new savings clause test for when a petitioner challenges his sentence. *Id.* at 429. Accordingly, pursuant to *Wheeler*, a § 2255 motion is inadequate and ineffective to test the legality of a *sentence* when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to a petitioner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.*

The magistrate judge determined that Petitioner meets the first *Wheeler* factor that his sentence was legal at the time of sentencing, (ECF No. 9 at 6), and Petitioner does not object to this finding. However, the magistrate judge concluded that Petitioner cannot meet the second factor because Petitioner cannot show that subsequent to both his direct appeal and first § 2255 motion, there was a change in substantive law that was deemed to apply retroactively to collateral review. *Id.* Here, while Petitioner filed multiple § 2255 motions before his sentencing court, two of those motions were voluntarily dismissed without prejudice. *Barrett,* C/A No. 1:02-cr-00067-LCB-1, at docs. 31; 44; 84 (M.D.N.C.). Only Petitioner's 2016 motion under § 2255 was actually decided on the merits. *Id.* at 89. Accordingly, the magistrate judge determined that the Petitioner's 2016 motion quailified as his "first" §2255 motion for purposes of the *Wheeler* test. (ECF No. 9 at 6 n.2). Petitioner did not object to that classification, and because that motion was the only one decided on the merits, the court finds no clear error.

Additionally, the magistrate judge concluded that because Petitioner's § 2255 motion was filed and decided after *Simmons,* Petitioner cannot rely on *Simmons* as

7

the change in the substantive law required to meet the *Wheeler* test. *Id*. at 7. Furthermore, the magistrate judge noted that "the claims in this action are nearly identical to those in petitioner's § 2255 action – that he should be resentenced in light of *Simmons*." *Id*. Petitioner objects to these findings, stating that he challenged his career offender status in 2011, but that the sentencing court stated that the sentencing was not to be attacked on collateral review. (ECF No. 12 at 1). While Petitioner did challenge his career offender designation in a § 2255 motion pursuant to *Simmons* in 2011, Petitioner voluntarily withdrew that motion. *Barrett*, C/A No. 1:02-cr-00067-LCB-1, docs. 44; 80; 83 (M.D.N.C.). Petitioner then filed a subsequent § 2255 motion with the sentencing court, challenging his career offender status pursuant to *Simmons* on June 27, 2016. *Id*. at 84. As noted, the magistrate judge recommended dismissal, and Petitioner filed no objections. The district court dismissed that motion with prejudice. *Id*. at 89. Petitioner has not provided, nor is the court aware of, any case law decided after his § 2255 motion that has created a new substantive law allowing for career offender designation to be challenged on collateral review in light of *Simmons* or that affects the legality of his sentence. To the extent Petitioner relies on *Wheeler* as such a change in the law, while *Wheeler* did provide a new test to determine when a § 2255 motion is inadequate or ineffective to challenge a prisoner's sentence, no part of *Wheeler* indicated a change to settled substantive law that would affect the legality of Petitioner's sentence.

Furthermore, as the magistrate judge noted, Petitioner litigated his §2255 motion on the merits, and the claims raised in the instant § 2241 motion are nearly identical to claims raised in Petitioner's 2016 § 2255 motion. (ECF No. 9 at 7). This court is not the proper venue to challenge the sentencing court's decision regarding Petitioner's § 2255 motion. Additionally, the fact that the sentencing court denied relief under § 2255 based on these same claims does not render a § 2255 motion inadequate or ineffective to test the legality of Petitioner's sentence. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (stating that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision.").

After thoroughly combing the record and liberally construing the Petition, the court finds that Petitioner has not satisfied the savings clause of § 2255(e), and, therefore, is precluded from challenging his federal sentence under § 2241. As a result, the court overrules Petitioner's objections.

### III.  CONCLUSION

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 9). Accordingly, the Petition (ECF No. 1) is **DISMISSED without prejudice and without requiring Respondent to file a return.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 18, 2019